preme Court, Appellate Division, First Department. June 6, 1902.) Action by Olive M. Dexter against the Sun Printing & Publishing Association. A. M. Sanders, for appellant. F. Bartlett, for respondent. No opinion. Judgment affirmed, with costs. See 73 N. Y. Supp. 706.

DICKINSON, Respondent, v. DICKINSON, Appellant. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by Cora S. Dickinson against George E. Dickinson. L. G. Reed, for respondent. No opinion. Order modified by reducing counsel fee to $200, and, as modified, affirmed, without costs.

DIEHL v. ROBINSON. (Supreme Court, Appellate Division, First Department. June 13, 1902.) Action by Julia Diehl, as administratrix, against Andrew J. Robinson. No opinion. Motion denied, with $10 costs.

DI LORENZO, Appellant, v. DI LORENZO, Respondent. (Supreme Court, Appellate Division, Second Department. June 13, 1902.) Action by Gregario Di Lorenzo against Johanna Di Lorenzo. No opinion. Motion denied.

DIMON, Respondent, v. NEW YORK CENT. & H. R. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 19, 1902.) Action by Lottie G. Dimon, as administratrix, etc., of Henry G. Dimon, deceased, against the New York Central & Hudson River Railroad Company and others. No opinion. Judgment and order affirmed, with costs.

GOODRICH, P. J., dissents.

In re DITNER. (Supreme Court, Appellate Division, Fourth Department. May 27, 1902.) In the matter of the application of Catherine Ditner to compel the substitution of an attorney in an action entitled "George Zeres and Another against Catherine Ditner." No opinion. Motion denied, without costs.

DR. DADIRRIAN'S SONS CO., Respondent, v. HAUENSTEIN, Appellant. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by the Dr. Dadirrian's Sons Company against William Hauenstein. G. J. McEwan, for appellant. J. R. Sheffield, for respondent. No opinion. Judgment affirmed, with costs. See 74 N. Y. Supp. 709.

O'BRIEN and LAUGHLIN, JJ., dissent.

DUNN, Respondent, v. UVALDE ASPHALT PAV. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by Thomas J. Dunn against the Uvalde Asphalt Paving Company. R. F. Clarke, for appellant. J. Marks, for respondent. No opinion. Judgment and order affirmed, with costs.

In re DUNTON'S WILL. (Supreme Court, Appellate Division, Fourth Department. July 8, 1902.) In the matter of the will of Eliza Dunton, deceased. No opinion. Decree of surrogate's court affirmed, with costs against the appellant personally.

DYE, Respondent, v. PARKS, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 8, 1902.) Action by Asa E. Dye against Ashton M. Parks. No opinion. Judgment affirmed, with costs.

EARLEY, Appellant, v. WHITNEY, Respondent. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by Cornelius J. Earley against Catherine Whitney, as executrix. T. J. O'Neil, for appellant. F. S. Oliver, for respondent. No opinion. Judgment affirmed, with costs.

EGAN, Respondent, v. CITY OF JOHNSTOWN, Appellant. (Supreme Court, Appellate Division, Third Department. July 8, 1902.) Action by Patrick Egan against the city of Johnstown. No opinion. Judgment and order unanimously affirmed, with costs.

EHRENREICH v. FROMENT. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by Hannah Ehrenreich against Frank L. Froment. No opinion. Motion denied.

EHRET v. NEW YORK & H. R. CO. et al. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by George Ehret against the New York & Harlem Railroad Company and others. No opinion. Motion denied.

EHRET, Respondent, v. NEW YORK & H. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by George Ehret against the New York & Harlem Railroad Company and the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendants appeal. Modified and affirmed. Ira A. Place, for appellants. Thomas P. Wickes, for respondent.

O'BRIEN, J. The questions presented, save as to some rulings upon evidence to which exception was taken, and which we do not regard as very material, are similar to those in Pape v. Railroad Co. (herewith handed down) 77 N. Y. Supp. 725. The injunction granted should be modified, for the same reason as in the case referred to, namely, that the learned trial judge overlooked the fact that, in addition to the width of the cut, which was 56 feet, there were sustaining walls, which made the entire width of the ground occupied and used for railroad purposes 61 feet 8 inches. The fee damages here awarded should also be modified, by reducing them to $8,000, and the extra allowance should accordingly be re-